334 A.2d 280
COMMONWEALTH of Pennsylvania
v.
Edward SISTRUNK a/k/a Edward Brooks, Appellant.

COMMONWEALTH of Pennsylvania
v.
Edward SISTRUNK, Appellant.

Supreme Court of Pennsylvania.

Submitted Nov. 11, 1974.

Decided March 18, 1975.

656

Nino V. Tinari, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Jr., Dist. Atty., Richard A. Sprague, 1st Asst. Dist. Atty., Steven H. Goldblatt, Carolyn Engel Temin, Asst. Dist. Attys., Chief, Appeals Div., Abraham J. Gafni, Deputy Dist. Atty. for Law, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Edward Sistrunk, was tried by a judge and jury and found guilty of murder in the first degree, arson, seven counts of aggravated robbery, burglary, three counts of aggravated assault and battery and assault, battery with intent to murder and conspiracy. Post-trial motions were denied and appellant was sentenced to life imprisonment. This appeal followed.

Appellant's convictions arose out of the murder of one Alton Barker during the burglary and robbery of Dubrow's Furniture Store in Philadelphia.

Appellant first argues that the district attorney interfered with his attempts to interview a prospective witness. Appellant, through his counsel, interrupted the voir dire of the jury to present evidence of alleged interference with his free access to a witness. The testimony revealed that defense counsel and one of his associates had a telephone conversation with a person identifying himself as Max Carson, an employee of Dubrow's Furniture Store. The testimony of Henry Lunardi, Esquire, an associate of defense counsel, established that the caller identified himself as Max Carson and stated that the district attorney did not want him to discuss the case with anyone unless the district attorney was present. Mr. Lunardi was very equivocal on his voice identification of the caller, it taking five pages of testimony to explain that the voice was familiar and that he had met Mr. Carson a few times at lineups conducted in the instant case.

Assuming the caller was Max Carson, and that he had evidence helpful to the prosecution, the record in the instant case does not substantiate prosecutive misconduct with defense counsel's attempts to interview Max Carson. The court below, during the voir dire, issued cau-

tionary instructions to the district attorney to allow free access to all witnesses and instructed defense counsel to make application to the court if interference took place. The record does not reveal any attempts by defense counsel to personally interview Max Carson, nor does it reveal that any person by the name of Max Carson was called as a witness by either the defense or the prosecution. Nor does the record reveal that a pre-trial application for relief or an application for a subpoena for Max Carson was ever made. See Rule 304 Pennsylvania Rules of Criminal Procedure, 19 P.S. Appendix. Under these facts, we find no evidence in the instant case to support a claim of prosecutive interference with witnesses. See *Lewis v. Lebanon Court of Com. Pleas,* 436 Pa. 296, 260 A.2d 184 (1969).

Appellant next argues that he was denied due process of law because of the exclusion of veniremen opposed to, the death penalty and the alleged exclusion of blacks from the jury. These issues were not properly preserved for appellate review. See *Commonwealth v. Clair,* Pa., 326 A.2d 272 (1974).

Judgment of sentence affirmed.