410 A.2d 876

**COMMONWEALTH of Pennsylvania**

v.

**Alan C. GRAY, Appellant.**

Superior Court of Pennsylvania.

Submitted July 23, 1979.

Filed Sept. 21, 1979.

Gilbert B. Abramson, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before MONTGOMERY, O'BRIEN and HONEYMAN, JJ.*

O'BRIEN, Judge:

Appellant, Alan Gray, was convicted by a jury of murder of the third degree and possessing instruments of crime for the stabbing death of Willie Allen. Post-verdict motions were denied and appellant was sentenced to a prison term of seven to twenty years for the murder conviction. This direct appeal followed.

Appellant first argues that the trial court erred in permitting the testimony of an eyewitness, who, before trial,

---

* Justice HENRY X. O'BRIEN of the Supreme Court of Pennsylvania and Judge ROBERT W. HONEYMAN of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

was told by the Commonwealth's attorney that he did not have to talk to defense counsel if he chose not to do so. On the morning of trial, the Assistant District Attorney introduced the Commonwealth's witnesses to appellant's trial counsel and stated that they did not have to talk to counsel if they did not wish to do so. During a recess, defense counsel asked the only eyewitness, John Allen, if he would speak with him. Shortly after the pair began speaking, the prosecutor interrupted and stated: "John, I am advising you that you do not have to speak to defense counsel if you don't want to." Although the witness continued to talk with defense counsel, appellant nonetheless requested that the court not permit Allen to testify because of the prosecutor's comments.

Appellant relies on *Lewis v. Court of Common Pleas of Lebanon County*, 436 Pa. 296, 260 A.2d 184 (1969) in support of his proposition. Said reliance, however, is misplaced. In *Lewis*, the prosecutor advised a witness not to speak to defense counsel despite a court order which expressly precluded the prosecutor from prohibiting the interview. In chambers, defense counsel admitted ". . . any witness has the right to talk or not to talk to either side."

In the instant case, the prosecutor only informed the eyewitness that he need not talk to defense counsel if he did not wish to do so. The prosecutor was simply telling the witness what rights were available to him. The prosecutor's conduct in this case clearly falls short of the proscribed conduct in *Lewis*. Further, after the eyewitness was so informed, he continued his conversation with defense counsel. As appellant suffered no prejudice, his assertion of error is meritless.

■ Appellant next argues that the court erred in asking certain questions of appellant while he was testifying on direct examination. After appellant testified that he saw the victim make a purchase in the liquor store, defense counsel asked "And did you see what he got?" After the court suggested that counsel "not lead so much," defense counsel three times asked the same question, indicating he

did not know how to properly phrase the question. The court suggested that he ask what occurred from that point. Counsel refused, so the court asked the witness what happened, with appellant giving a sufficient response to the question. Appellant assigns the trial court's questioning as error.

We believe the court's questioning of appellant in no way amounts to advocacy by the court which our Supreme Court proscribed in *Commonwealth v. Myma*, 278 Pa. 505, 123 A.2d 486 (1924) and *Commonwealth v. Butler*, 448 Pa. 128, 291 A.2d 89 (1972). The questions were neutral in character. As we believe appellant suffered no prejudice as a result of the court's questioning, we dismiss appellant's allegation of error.

■ Appellant next argues that the court erred in denying his motion for a mistrial when the prosecutor stated in his closing:

"Those are the facts that you will have to determine in this case because the defendant is asking you to believe that he could not form the intent to kill. That is what he is asking you to consider and *if you believe that, you will have to call all of the Commonwealth witnesses liars.*" (Emphasis added.)

The ABA Standards Relating to the Prosecution Function, § 5.8(b) states:

"(b) It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant."

The instant comments in no way violate the above-quoted standard, as the comments contain no expression of the prosecutor's personal belief of any witnesses' credibility. The Assistant District Attorney was simply informing the jury that to believe appellant's testimony would require the jury to disbelieve the testimony of the Commonwealth's witnesses. As such, we perceive no error in refusing appellant's motion for a mistrial.

■ Appellant next asserts the court erred in refusing the following requested points for charge pertaining to self-defense:

"4.  If you find that Willie Allen used force and threatened Alan Gray with serious bodily injury, then the mere fact that Alan Gray may have stepped in line or tried to get ahead of Willie Allen in the State Store, without more, would not justify your finding that Alan Gray provoked the use of force against himself by Willie Allen, such as would prevent Alan Gray from claiming self defense.

\* \* \* \* \* \*

"13.  One who is assaulted in such a way as to induce in him a reasonable belief that he is actually in danger of losing his life, or of receiving great bodily harm will be justified in defending himself under the influence of such apprehension, whether the danger is real or apparent; and though he is mistaken in his reasonable belief he will not be held criminally liable.

"14.  Therefore, if you find from the evidence that Alan Gray was assaulted in such a way so that he reasonably believed he was in danger of losing his life or of receiving great bodily harm, you must find he was justified in defending himself under the influence of such apprehension, and that is so whether the danger to him of Willie Allen was real or only apparent.  Thus, even if you find that Alan Gray was mistaken as to his fear of Willie Allen, if his fear was reasonable he must be acquitted of the homicide charge.

"15.  'The danger to the Defendant need not be real, and the deceased need not be armed with a deadly weapon for a person to have a reasonable belief that his life is endangered to the point of justifying a killing.'  *People v. Adams*, 113 Ill.App.2d 205, 252 N.E.2d 35 (1969)—§ 2304(b) interpreted.

"16.  It is the Defendant's state of mind at the time of the incident that is the critical element in whether or not

the defendant acted reasonably. *People v. Johnson*, 4 Ill.App.3d 249, [280] N.E.2d [764] (1972)."

The court charged the jury as follows:

"In order to find that a defendant killed in self defense, it must be shown that the following conditions existed: Number one, the slayer must have been free from fault in provoking or continuing the difficulty which resulted in the killing; secondly, the slayer must have reasonably believed that he was in imminent danger of death or great bodily harm, and that there was a necessity to kill in order to save himself therefrom; and number three, the slayer must not have violated any duty to retreat or avoid the danger.

"In the present case, the defendant had no superior right over that of the deceased to be where he was: therefore, he had a duty to retreat, if possible, or otherwise avoid the danger. You may acquit the defendant on the ground of self defense, therefore, only if you find that number one, he was free from fault in provoking or continuing the difficulty which resulted in the killing, and secondly, he reasonably believed that he was in imminent danger of death or great bodily harm, and there was a necessity to kill in order to save himself and third, that the defendant did not violate his duty to retreat or otherwise avoid the danger.

"Once there is evidence, from whatever source, that tends to establish that the killing was in self defense, the jury must be convinced beyond a reasonable doubt that the killing was not in self defense before they can render a verdict of guilty. In other words, the Commonwealth then has the burden of proving beyond a reasonable doubt that the killing was not done in self defense."

In light of the complete and accurate description of the law, it was not error to refuse appellant's points for charge. As the court stated in *Commonwealth v. McComb*, 462 Pa. 504, 509, 341 A.2d 496, 498 (1975):

". . . the trial court is not required to accept the language of the point submitted by counsel but rather is

free to select its own form of expression. The only issue is whether the area is adequately, accurately and clearly presented to the jury for their consideration."

Appellant finally argues that the suppression court erred in refusing to suppress his confession. Appellant argues that since he was under the influence of alcohol and drugs, his waiver of *Miranda* rights was involuntary.

In reviewing a suppression court's ruling, we are bound by the findings of the court which are supported by the record. *Commonwealth v. Gray*, 473 Pa. 424, 374 A.2d 1285 (1977). Further, the trier of fact can determine issues of credibility. *Commonwealth v. Farquharson*, 467 Pa. 50, 354 A.2d 545 (1976). In the instant case, the suppression court chose to believe the witnesses of the Commonwealth, all of whom testified that appellant was acting normally and not appearing to be under the influence of alcohol or drugs. The court thus properly denied appellant's motion to suppress his confession, as the Commonwealth proved by a preponderance of the evidence that appellant's confession was voluntarily given.

Judgment of sentence affirmed.