411 A.2d 809

**COMMONWEALTH of Pennsylvania**

**v.**

**Ernest CULBREATH, Appellant.**

Superior Court of Pennsylvania.

Argued July 9, 1979.

Filed Oct. 12, 1979.

Marsha A. McClellan, Assistant Public Defender, West Chester, for appellant.

Joan D. Lasensky, Assistant District Attorney, West Chester, for Commonwealth, appellee.

460

NIX, Judge:

This is an appeal from judgments of sentence entered upon jury verdicts finding appellant guilty of second degree murder and lesser offenses relating to the same criminal episode. The evidence at trial revealed that appellant along with two others participated in an armed robbery of an illegal dice game; during the robbery one of the players was shot and killed. Appellant's complicity in the incident was established by eyewitness testimony and by appellant's own admission of participation. Appellant does not challenge the sufficiency of the evidence.

■ Appellant first argues that he was denied a fair trial as a result of the Commonwealth's non-compliance with a pre-trial order requiring the prosecution to provide defense counsel with access to eyewitnesses known to the prosecution. The record shows that this order was entered on Thursday, April 15, 1976. The following day was Good Friday. The eyewitnesses were made available to the defense at the earliest possible day of business, Monday, April 19, 1976. Appellant attempts to argue that, although there had been compliance with the letter of the court's order, the prosecution did not comply with its spirit. They suggest that they did not have sufficient time to confer with the witnesses in question. However, no complaint was made to the trial court during the course of the trial. Certainly, it was incumbent upon the defense to call to the attention of the court any failure on the part of the Commonwealth to comply with that court's order.

■ Appellant's suggestion that it was improper for the Commonwealth not to call two of the eyewitnesses at trial ignores the principle that the prosecution is not required to call all available witnesses as long as it makes their names and whereabouts available to the defense. *Commonwealth v. Gee*, 467 Pa. 123, 133–34, 354 A.2d 875, 879 (1976).

* Justice ROBERT N. C. NIX, Jr. of the Supreme Court of Pennsylvania, Judge I. MARTIN WEKSELMAN of the Court of Common Pleas of Allegheny County, Pennsylvania are sitting by designation.

■ Finally, appellant contends that the testimony of one eyewitness, Willie Lee Pless, should not have been received into evidence, because defense attorneys were not allowed adequate access to appellant and because the line-up involving this witness was improperly conducted. We do not agree. At the line-up, appellant was represented by two public defenders, who observed the line-up, spoke with appellant, and were even permitted to modify the array of the line-up. Furthermore, even if appellant's allegation of suggestiveness is accepted for the sake of argument, the record shows that Pless not only observed appellant at the crime scene but had also known appellant since 1969. Thus, the witness's in-court identification had ample independent basis. *See United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Commonwealth v. Shoatz*, 469 Pa. 545, 366 A.2d 1216 (1976); *Commonwealth v. McKelvie*, 471 Pa. 541, 370 A.2d 1155 (1977).

Affirmed.