414 A.2d 364

**COMMONWEALTH of Pennsylvania**

**v.**

**Howard GIBSON, Appellant.**

Superior Court of Pennsylvania.

Argued July 31, 1979.

Filed Nov. 9, 1979.

Michael L. Levy, Philadelphia, for appellant.

Sheldon M. Finkelstein, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

CIRILLO, Judge:

The defendant was convicted by a jury of murder in the first degree. Post-trial motions were argued and denied, and the defendant was sentenced to life imprisonment. He has appealed the sentence.

At approximately 12:50 a. m. on October 12, 1974, the defendant appeared in the living room of Iris Dymond, where she and her lover, George Marusiak, were lying awake on a bed. Testimony indicates that the defendant had been lying in wait in the apartment house for several hours. The defendant then shot and killed Mr. Marusiak. The sole witness to the shooting was Iris Dymond. Two other witnesses testified to seeing the defendant in the vicinity of the crime near the time of the murder. The defendant had been living with Iris Dymond as man and wife in the very apartment where the murder was perpetrated. Approximately six weeks prior to the murder, Ms. Dymond testified that she discovered that the defendant had been married five times and divorced only twice, and therefore she ordered him out of the house.

The defendant first objects to the admission of Dymond's testimony regarding possible bigamy having been committed by the defendant. It is true that generally evidence of previous misconduct in the nature of crime is inadmissible against a defendant on trial for another crime: *Commonwealth v. Peterson*, 453 Pa. 187, 307 A.2d 264 (1973). However, there are several exceptions to that rule. It has been held that where prior criminal conduct may show a motive to commit the crime, it may be admitted: *Commonwealth v. Brown*, 462 Pa. 578, 342 A.2d 84 (1975). That is exactly the situation in this case. The fact that Ms. Dymond ordered defendant out of her house because of his bigamous conduct clearly gave the defendant a motive based on ill will

* Justice LOUIS L. MANDERINO of the Supreme Court of Pennsylvania, and Judge VINCENT A. CIRILLO of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

which he transferred to her then lover. Therefore, the testimony was properly admitted.

The defendant next complains that the District Attorney allegedly prevented defense counsel from interviewing a witness who was alleged to have been favorable to the defense. A review of the record indicates that the Commonwealth had initially believed that the witness would be favorable to the Commonwealth and listed her as a witness. However, it later developed that the witness might be favorable in her testimony to the defendant. The trial judge directed the District Attorney to make the witness available for interview by defense counsel. Subsequently, the trial judge discovered the witness outside the court room surrounded by detectives. The trial judge thereupon directed the District Attorney to make the witness available to defense counsel and held the Assistant District Attorney in contempt. The witness was indeed interviewed by defense counsel, and was in fact presented as a witness for the defense. Therefore, there was no prejudicial effect in the brief prevention from interviewing due to the prompt action of the trial court. The defendant was not denied a fair trial because of this incident.

The defendant further complains that the Assistant District Attorney made numerous prejudicial remarks during her closing address to the jury. A review of the record indicates that the only improper remark was an allusion to the fact that defense counsel had interviewed the disputed witness prior to her taking the stand, thereby possibly implying tampering with the witness' testimony. Such implication, if such inference may be drawn therefrom, would be improper but hardly of sufficient magnitude to warrant the granting of a new trial. The defendant contends that the remark is similar to the situation in *Commonwealth v. Perillo*, 474 Pa. 63, 376 A.2d 635 (1977). However, in that case, the District Attorney repeatedly cross-examined a defense witness with questions clearly alleging bribery. The District Attorney in that case was repeatedly warned by the trial judge, but persisted in improper cross-examination.

That case represented an extreme instance of misconduct which required the granting of a new trial. In this case, there was only one mild improper remark which does not approach the magnitude of *Perillo*. Therefore, the defendant has not alleged grounds for a new trial in this regard.

The defendant's last complaint is that the Commonwealth allegedly withheld evidence that the only eyewitness to the crime had initially failed to identify the defendant as the perpetrator. There is no merit to this contention because defense counsel was indeed aware of the failure to identify at the time of the suppression hearing, where the witness testified fully on both direct and cross-examination in respect to her initial failure to identify the defendant.

The defendant received a fair trial and was properly convicted, and the judgment of sentence is hereby affirmed.

MANDERINO, J., files dissenting opinion.

MANDERINO, Judge, dissenting:

I dissent. The majority concludes that the evidence of the defendant's possible bigamous conduct was admissible to show that the defendant had a motive to commit the crime. I cannot agree. Motive was established by the testimony that Iris Dymond had broken off her relationship with the defendant and ordered him out of the house. The bigamous conduct concerns *her motive*—not the defendant's—for breaking off the relationship. When facts are introduced to establish motive, the door is not open to show prior misconduct except to the extent *necessary* to establish the motive. *Commonwealth v. Stanley*, 484 Pa. 2, 398 A.2d 631 (1979); *Commonwealth v. Fuller*, 479 Pa. 353, 388 A.2d 693 (1978); *Commonwealth v. Foose*, 441 Pa. 173, 272 A.2d 452 (1971). Other facts which, as in this case, were highly prejudicial should not be admitted. *Commonwealth v. Stanley, supra* ; *Commonwealth v. Fuller, supra* ; *Commonwealth v. Foose, supra.*

In this case, the prosecution was entitled to establish that Iris Dymond had broken off her relationship with the de-

fendant and ordered him out of the apartment where the two of them had been living. It may even have been harmless had the testimony been limited to establishing that she did so because he was a married man. To allow further unnecessary evidence, however, which does not go to the defendant's motive, concerning bigamy was prejudicial error. This "bad person" irrelevant evidence could well have influenced the jury in arriving at its verdict.