465 A.2d 676

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**William Edward MOLAN.**

Superior Court of Pennsylvania.

Argued June 1, 1983.

Filed Sept. 9, 1983.

522

Stephen B. Harris, First Assistant District Attorney, Doylestown, for Commonwealth, appellant.

Nancy Larkin, Assistant Public Defender, Doylestown, for appellee.

Before ROWLEY, WIEAND and BECK, JJ.

WIEAND, Judge:

The trial court dismissed burglary, theft and conspiracy charges against William Edward Molan because an assistant district attorney had recommended that an accomplice, who was also a Commonwealth witness, not discuss his testimony privately with Molan's counsel without first con-

sulting his own counsel. The Commonwealth appealed. We reverse.

Molan and Thomas H. Stuart had been arrested and charged with burglary, theft and conspiracy in connection with the taking of Hummel figurines, valued at Ten Thousand Dollars ($10,000.00), from the Carriage Stop in Richboro, Bucks County. Stuart, while represented by private counsel, confessed his role in committing the crime, agreed to testify against Molan, and entered a negotiated plea of guilty. Immediately prior to commencement of trial on the instant charges, Molan's counsel, in the presence of the assistant district attorney, asked if Stuart would meet with counsel to discuss the facts of the case. Stuart was told by the prosecuting attorney that he was not required to submit to an interview by defense counsel but agreed nevertheless to do so. When it became apparent that defense counsel intended to confer privately with Stuart, the assistant district attorney told Stuart that he should speak with his attorney before submitting to interrogation by defense counsel. He said that although he could not tell Stuart what to do, defense counsel was not Stuart's friend and suggested a second time that Stuart call his attorney and speak with him. Thereafter, Stuart declined to be interviewed by defense counsel. These facts were shown in an evidentiary hearing held in response to a defense motion to dismiss because of alleged prosecutorial misconduct.

Molan's motion to dismiss relied upon the decision of the Supreme Court in *Lewis v. Court of Common Pleas of Lebanon County*, 436 Pa. 296, 260 A.2d 184 (1969). This reliance was misplaced. In *Lewis*, the defense had attempted to conduct a pre-trial interview with an F.B.I. agent who was a key prosecution witness. F.B.I. policy prohibited such an interview without the consent of the district attorney. The trial court, over the district attorney's objection, granted a defense application requesting that such an interview be ordered. The district attorney, although conceding that he did not have the power to prevent such an interview, continued to express an opinion that the F.B.I. should not

permit the interview. Finally, the court advised the prosecutor that if the agent did not meet with defense counsel, the agent would be barred from giving testimony during trial. The Commonwealth then petitioned the Supreme Court for a writ of prohibition to prevent enforcement of the court's order. The Supreme Court refused a writ of prohibition, holding that "in the absence of an affirmative and convincing showing of exceptional circumstances or compelling reasons, a district attorney may not interfere with the pretrial interrogation by a defense counsel of persons who may be called upon as witnesses in the case." *Id.*, 436 Pa. at 303, 260 A.2d at 188–189 (emphasis omitted).

Subsequent decisions have refined and limited the Court's language in *Lewis* and are determinative of the instant appeal. In *Commonwealth v. Sistrunk*, 460 Pa. 655, 334 A.2d 280 (1975), a potential witness told defense counsel that "the district attorney did not want him to discuss the case with anyone unless the district attorney was present." The Supreme Court observed, inter alia, that a pre-trial application for relief had never been made and that a subpoena for the witness had not been issued. Moreover, the potential witness had not been called by either party. *Id.*, 460 Pa. at 658, 334 A.2d at 281. A judgment of sentence following a jury verdict of guilty, therefore, was affirmed.

In *Commonwealth v. Allen*, 501 Pa. 525, 462 A.2d 624 (1983), the Supreme Court held that there was no prosecutorial misconduct where the prosecutor had informed the trial court of a witness' suspected complicity in the crime for which the defendant was to be tried and suggested that counsel be appointed to advise the witness before he testified. Similarly, in *Commonwealth v. DiGiacomo*, 463 Pa. 449, 345 A.2d 605 (1975), it was held that it was not improper for a prosecutor to advise an eyewitness of the Fifth Amendment right not to testify where the evidence known to the prosecutor suggested possible complicity of the witness in the commission of the crime. See also:

*Commonwealth v. Culbreath,* 270 Pa.Super. 458, 411 A.2d 809 (1979).

In *Commonwealth v. Starks,* 484 Pa. 399, 399 A.2d 353 (1979), the Court held that it had not been improper for the trial court to allow the presence of the district attorney during defense counsel's interview of an eyewitness who feared for her safety, particularly where it had been the witness and not the district attorney who objected to the interview.

In *Commonwealth v. Gray,* 270 Pa.Super. 20, 410 A.2d 876 (1979), the defendant complained that the prosecutor had informed an eyewitness that he need not talk to defense counsel if he did not wish to do so. This Court held that the prosecuting attorney had simply advised the witness of his rights and had not been guilty of the conduct proscribed in *Lewis.* Finally, in *Commonwealth v. Gibson,* 271 Pa.Super. 499, 414 A.2d 364 (1979), *aff'd,* 500 Pa. 231, 455 A.2d 634 (1983), the prosecutor, who had briefly prevented defense counsel from interviewing a witness, was ordered by the trial court to make the witness available for an interview with defense counsel, and an interview was thereafter held. Under these circumstances, the Superior Court held, the defendant had not been deprived of a fair trial by the prosecutor's temporary obstruction of defense counsel's right to interview the witness. See also: Annot., 90 A.L. R.3d 1231 (1979).

■ In the instant case, the assistant district attorney was not guilty of the same type of obstruction condemned in *Lewis.* Defense counsel had delayed her attempt to interview the co-defendant until immediately prior to trial. The assistant district attorney did not prevent the interview but merely advised the accomplice that he could not be compelled to speak with defense counsel and that, in any event, he should consult his own attorney before speaking privately with counsel for the defendant. In so doing, the prosecuting attorney was merely advising the accomplice of the rights available to him. He was not guilty of prosecutorial misconduct.

■ Moreover, even where a district attorney has obstructed defense counsel's access to a witness, the remedy is not dismissal of the criminal charges. Rather, a defendant should, at least in the first instance, seek from the court an order which will enable him to achieve the desired access. If this had been done in the instant case the court could have fashioned an order calculated to insure that the witness would have been made available for the interview defense counsel wished to conduct. See: *Commonwealth v. Sistrunk, supra; Lewis v. Court of Common Pleas of Lebanon County, supra.* Dismissal of the charges, however, was an extreme and unwarranted remedy.[1]

Reversed and remanded for trial. Jurisdiction is not retained.

---

1. The trial judge, with commendable candor, has conceded in his Memorandum Opinion that dismissal of the charges was an inappropriate sanction.