J-S45005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONNELLY JOSEPH LEBLANC, | |
| Appellant | No. 2127 MDA 2014 |

Appeal from the PCRA Order October 20, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003488-2008

BEFORE: BOWES, WECHT, AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J:                     **FILED SEPTEMBER 02, 2015**

Donnelly Joseph LeBlanc appeals from the October 20, 2014 order denying him PCRA relief. We affirm.

Appellant was convicted of two counts each of involuntary deviate sexual intercourse, aggravated indecent assault where the complainant was under the age of sixteen, and corruption of minors based upon the testimony of his stepson, K.M. While the victim's mother was working at night, Appellant performed oral sex on the victim, and K.M. performed oral sex on Appellant. Appellant also penetrated the victim's anus with his finger. Appellant also made K.M. use a homemade masturbation device. After K.M. told his mother about the abuse, she contacted police, who arrived at the home and confiscated the homemade masturbation device.

_____
* Former Justice specially assigned to the Superior Court.

Following his convictions, Appellant was assessed by a member of the Sexual Offender Assessment Board, who opined that Appellant was a Sexually Violent Predator. The trial court agreed and adjudicated Appellant as such. Appellant was sentenced to twenty-five to fifty years imprisonment under 42 Pa.C.S. § 9718.2, which applies a minimum sentence of twenty-five years to a defendant previously convicted of certain sexual offenses. The Commonwealth proved that in 1994, Appellant was convicted in Louisiana of raping a thirteen-year-old girl. On appeal, we affirmed, *Commonwealth v. LeBlanc*, 22 A.3d 1052 (Pa.Super. 2010) (unpublished memorandum), and our Supreme Court denied review on June 7, 2011, *Commonwealth. v. LeBlanc*, 23 A.3d 541 (Pa. 2011).

On July 13, 2011, Appellant filed a timely PCRA petition,[1] and counsel was appointed. Original PCRA counsel filed an amended petition. Appellant filed a frivolous complaint with the Office of the Disciplinary Board regarding PCRA counsel and also unsuccessfully sought his removal. The PCRA court initially issued a Pa.R.Crim.P. 907 notice of dismissal on December 3, 2012. Appellant filed *pro se* responses and the PCRA court permitted counsel to withdraw based on Appellant's continued inability to work with counsel. The

_____

[1] The petition was in excess of 100 pages, handwritten, and raised over forty issues. Appellant also filed supplemental petitions raising additional claims.

original PCRA court did not issue a final order. A different PCRA judge ultimately took over the matter and appointed new PCRA counsel, who also filed an amended petition. The court held an evidentiary hearing. Thereafter, the court denied Appellant relief on October 20, 2014. This appeal followed, wherein Appellant raises the following claims:

> A. Whether the Court erred in denying post-conviction relief without a hearing where appellate counsel was ineffective in advancing a basis for admission of evidence of bias, motive and incredibility by the complaining witness different than that asserted by trial counsel, resulting in a waiver of the issue on appeal?

> B. Whether the Court erred in denying post-conviction relief without a hearing where the Commonwealth interfered in the interview of a crucial witness by the defense investigator?

> C. Whether the Court erred in denying post-conviction relief without a hearing where trial counsel was ineffective for failing to obtain, and the Commonwealth committed prosecutorial misconduct in failing to disclose, as ***Brady*** material, notes of pre-trial interviews of prosecution witnesses that varied from their trial testimony?

Appellant's brief at 4.

Initially, we outline the applicable principles regarding our review of the PCRA court's determinations herein:

> An appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

*Commonwealth v. Freeland*, 106 A.3d 768, 775 (Pa.Super. 2014) (citation omitted).

Appellant's first contention relates to appellate counsel's failure to properly present an issue concerning Appellant's cross-examination of K.M. Trial counsel "is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." *Freeland*, *supra* at 775 (citation omitted). There is a three-part test for proving counsel's ineffectiveness: "To establish trial counsel's ineffectiveness, a petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for the course of action or inaction chosen; and (3) counsel's action or inaction prejudiced the petitioner. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987)." *Id*. (citation omitted). "Counsel's assistance is deemed constitutionally effective once this Court determines that the defendant has not established any one of the prongs of the ineffectiveness test." *Id*. (citation and emphasis omitted).

Herein, trial counsel sought to impeach K.M. with the fact that he had falsely accused his father of confining him in the home against his will and not taking him to certain events and fabricated that his stepmother had struck him. The trial court disallowed the cross-examination as irrelevant to the issues at trial and as relating to collateral matters. On appeal, appellate

- 4 -

counsel suggested that the proposed impeachment about K.M.'s lies established a pertinent character trait, that being that he was a liar and thus lying about the present charges. On appeal, we noted that this objection was waived as not preserved.

Now, in this appeal, Appellant proposes that appellate counsel should have contended that the trial court improperly ruled that the questioning about K.M.'s lies related to collateral matters and was not the proper subject of impeachment. However, that issue had no merit. A witness cannot be questioned about whether he lied about matters unrelated to issues at trial. As our High Court articulated in **Commonwealth v. Petrillo**, 19 A.2d 288, 295 (Pa. 1941), "The pivotal issues in a trial cannot be 'sidetracked' for the determination of whether or not a witness lied in making a statement about something which has no relationship to the case on trial. The purpose of trials is not to determine the ratings of witnesses for general veracity." The court continued that a witness "can be contradicted only on matters germane" to the issues at trial, and that no "contradiction shall be permitted on collateral matters." **Id**. **Accord Commonwealth v. Minich**, 4 A.3d 1063 (Pa.Super. 2010) (reversing trial court conclusion that victim of crimes could be impeached "through cross-examination and extrinsic evidence tending to show that the alleged victim lied about matters unrelated to the case"); Pa.R.E. 608 (providing that a witness may be attacked as to his

reputation for truthfulness or untruthfulness but may not be cross-examined about specific instances of conduct or misconduct).

Thus, in this case, the trial court properly ruled that K.M. could not be impeached about specific instances where he purportedly lied, and appellate counsel was not ineffective for failing to pursue the propriety of that evidentiary ruling on appeal. Appellant makes no proffer that K.M. had a general reputation in the community for being untruthful. No relief is due.

Appellant next claims he was prevented from presenting exculpatory evidence after K.M.'s mother, Appellant's then-wife, was advised not to speak with Appellant. This advice was premised upon the fact that there was an outstanding no-contact order wherein Appellant was not permitted to contact the victim and his mother. Appellant continues that his investigator went to interview his wife, who refused to cooperate with him. Appellant avers that it was prosecutorial misconduct for the district attorney to advise K.M.'s mother not to speak with him and that his trial counsel should have objected. According to Appellant, he was thereby unable to "develop exculpatory evidence through the testimony of [K.M.'s mother.]" Appellant's brief at 12.

Appellant's proposition that prosecutorial misconduct occurred herein is unsound. The district attorney properly reported to K.M.'s mother that she was not allowed to be in contact with Appellant under the terms of the order. *Commonwealth v. Molan*, 465 A.2d 676 (Pa.Super. 1983).

Second, there is no suggestion that the district attorney prevented her from speaking with an investigator. Finally, there is no indication whatsoever that K.M.'s mother would have provided exculpatory proof. K.M.'s testimony was quite clear that the abuse occurred when his mother was working. Hence, Appellant has failed to establish that trial counsel was ineffective for failing to object to the district attorney's advice to Appellant's wife not to speak to him.

Appellant's final claim is that the PCRA court erred in finding that trial counsel was ineffective in failing to obtain alleged **Brady** material and object to prosecutorial misconduct. Specifically, Appellant claims that the prosecution committed misconduct by not disclosing pre-trial interview notes of certain witnesses that were inconsistent with their testimony. The Commonwealth responds that "Pennsylvania [c]ourts have 'required production only of those pre-trial statements which are verbatim notes of a witness' statements.'" Commonwealth's brief at 17 (quoting **Commonwealth v. Wade**, 389 A.3d 560, 564 (Pa. 1978)). In addition, the Commonwealth argues that, because the notes were not a verbatim transcript, they could not be used to impeach the credibility of the interviewed witness. **See Commonwealth v. Simmons**, 662 A.2d 621, 638 (Pa. 1995).

**Brady** evidence is evidence in the possession of the Commonwealth that is exculpatory to the defendant or would impeach a prosecution witness

and is not available through another source. ***Commonwealth v. Simpson***, 66 A.3d 253, 264 (Pa. 2013). Instantly, the prosecutor's notes could not be used as impeachment evidence as a prior inconsistent statement because the notes were not verbatim. ***Simmons***, ***supra***; ***Commonwealth v. Woods***, 710 A.2d 626, 630 (Pa.Super. 1998) (summary of a witness' statement is inadmissible as impeachment evidence unless witness adopted that statement as his own); Pa.R.E. 613. Similarly, the prosecutor's notes could not be used as substantive evidence. ***Commonwealth v. Lively***, 610 A.2d 7, 10 (Pa. 1992) ("a prior inconsistent statement may be used as substantive evidence only when the statement is given under oath at a formal legal proceeding; or the statement had been reduced to a writing signed and adopted by the witness; or a statement that is a contemporaneous verbatim recording of the witness's statements."); Pa.R.E. 803.1.

Moreover, the notes attached to Appellant's *pro se* petition as Exhibit H are plainly work product and do not even bear any semblance of transcribed interviews with witnesses. Similarly, Exhibits J and K, attached to his supplemental *pro se* petition, qualify as attorney work product. Appellant's claims to the contrary are baseless and border on frivolous. Thus, the prosecutor's handwritten notes were not improperly withheld. Appellant's issue is meritless.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/2/2015</u>