## Commonwealth v. Foose, Appellant.

Argued December 10, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Jonathan P. Axelrod,* Assistant Defender, with him *Melvin Dildine,* Assistant Defender, and *Vincent J. Ziccardi,* Acting Defender, for appellant.

*James D. Crawford,* Deputy District Attorney, with him *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 19, 1970:
Judgment of sentence affirmed.
SPAULDING, J., dissents.

---

DISSENTING OPINION BY HOFFMAN, J.:

On February 3, 1965, two armed men held up a bar in Philadelphia. During the holdup a Texaco credit card was taken from one of the patrons, John Shinners. Six days later two men entered an Atlantic service station in Abington, Pa., which was attended by Lawrence J. Kinsler. One of the men, identified by Kinsler as Otis Foose, appellant herein, presented an unidentified Texaco credit card. The other man then pulled out a revolver and rifled the station's drawers and took a wallet from Kinsler. When they left, Kinsler called the police. Shortly thereafter Foose and another man were apprehended. A search of Foose uncovered Shinners' Texaco credit card.

This case involves the trial for the robbery at the bar. At this trial, however, Kinsler was permitted to testify at length concerning the presentation of the Texaco card and *the subsequent armed robbery at the Abington service station.*

The testimony of Kinsler constituted the introduction of evidence as to a separate and distinct crime, a practice which, subject to limited exceptions, is clearly prohibited. As we stated in *Commonwealth v. Trowery,* 211 Pa. Superior Ct. 171, 173-174, 235 A. 2d 171 (1967): "It is almost too axiomatic to repeat the well-

established common law rule that, in a criminal prosecution, proof which shows or tends to show that the accused is guilty of the commission of other crimes and offenses at other times is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged. [Citing cases.] The purpose of this rule is to prevent the conviction of an accused for one crime by the use of evidence that he has committed other unrelated crimes, and to preclude the inference that because he has committed other crimes he was more likely to commit that crime for which he is being tried. The presumed effect of such evidence is to predispose the minds of the jurors to believe the accused guilty, and thus effectually to strip him of the presumption of innocence."

The lower court and Commonwealth contend, however, that the introduction of this evidence is justified here because there is such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other, citing *Commonwealth v. Gockley,* 411 Pa. 437, 192 A. 2d 693 (1963); *Commonwealth v. Wable,* 382 Pa. 80, 114 A. 2d 334 (1955). They state that the introduction of testimony relating to the Abington robbery tends to establish that the person who participated in the two robberies was one and the same. To strengthen this argument, the Commonwealth in its brief makes the following statement: "Appellant cannot escape the introduction of the fact that he was in possession of the credit card merely because he was 'clever' enough to be caught carrying it in a robbery rather than at a dancing class. Moreover, while his arrest at a robbery was more dramatic, even had he been arrested merely for attempting to purchase gasoline with the stolen credit card, this would have been a criminal act which, under appellant's theory, would have been [in]admissible."

The Commonwealth's own argument, however, highlights the weakness of its position. It is, of course, irrelevant, whether appellant was found in possession of the credit card during a robbery or during a dancing class. The only relevant factor is that of the possession itself. Accordingly, any reference to collateral circumstances unrelated to the possession itself are unnecessary and should be inadmissible. Certainly, the service station attendant could have testified to the presentation of the credit card alone. But, the further testimony as to the robbery was extraneous. Similarly, the fact that the necessary evidence concerning the presentation of a stolen credit card is in itself a crime and would be, therefore, somewhat prejudicial does not justify, as the Commonwealth suggests, the introduction into evidence of the details of a full-blown armed robbery. While prejudicial testimony cannot always be eliminated, this does not justify the further inclusion of the unnecessary.

Moreover, the testimony of the service station attendant was not very significant at all. The attendant could only testify that he was presented with a Texaco card. He could not, however, state whose name was on that card. Thus, the significant testimony concerning the possession of John Shinners' Texaco card came from the arresting officer rather than from the attendant.

In short, the Commonwealth allowed the introduction into evidence of testimony concerning an armed robbery when all that was necessary or relevant was that appellant was in possession of a stolen credit card. This testimony was in my opinion sufficiently prejudicial to predispose the minds of the jurors to believe the accused guilty and thus effectively strip him of the presumption of innocence.

I would, therefore, vacate the judgment of sentence and grant a new trial.