Commonwealth *v.* Foose, Appellant.

174

Argued November 10, 1970. Before JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Thomas C. Carroll,* Assistant Defender, with him *John W. Packel,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *Deborah E. Glass,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Ar-*

*len Specter,* District Attorney, for Commonwealth, appellee.

Opinion by Mr. Justice Jones, January 7, 1971:

Following a jury trial appellant was convicted and sentenced on charges of aggravated robbery and conspiracy.[1] On direct appeal the Superior Court affirmed per curiam over the dissent of two judges. *Com. v. Foose,* 216 Pa. Superior Ct. 209, 263 A. 2d 780 (1970).[2] We granted allocatur.

On February 3, 1965, a robbery perpetrated by two persons occurred in a Philadelphia tavern during the course of which a Texaco credit card was taken from John Shinners, a patron. Six days later, two men entered a service station in Abington, Pennsylvania, at which time one of the men, later identified by the station attendant as the appellant, presented an unidentified Texaco credit card. The two men then proceeded to rob the gas station. Shortly, thereafter, appellant and another man were arrested and a search of appellant uncovered Shinners' Texaco credit card.

The present appeal relates to the trial with respect to the tavern robbery. At the trial, not only was the service station attendant permitted to testify concerning the presentation of a Texaco card but also the subsequent armed robbery of the service station. Appellant contends that the admission of this additional testimony, over objection, provides grounds for relief.

It is well settled in this Commonwealth that: "a distinct crime, except under certain special circumstances, cannot be given in evidence against a defendant who is being tried for another crime, because the fact of the commission of one offense is not proof of

---

[1] The conspiracy sentence was later suspended.

[2] While Judge Spaulding noted his dissent, Judge Hoffman filed a dissenting opinion.

the commission of another. . . . But it is also true that sometimes there exist the 'special circumstances' which operate as exceptions to the general rule, and bring the case within the equally well established principle that evidence of other crimes is admissible when it tends to prove a common scheme, plan or design embracing the commission of two or more crimes so related to each other that proof of one tends to prove the others or to establish identity of the person charged with the commission of the crime on trial—in other words, where there is such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other." *Com. v. Wable,* 382 Pa. 80, 84, 114 A. 2d 334, 336-37 (1955). *Accord, Com. v. Coyle,* 415 Pa. 379, 203 A. 2d 782 (1964) ; *Com. v. Ross,* 413 Pa. 35, 195 A. 2d 81 (1963) ; *Com. v. Raymond,* 412 Pa. 194, 194 A. 2d 150 (1963) ; *Com. v. Gockley,* 411 Pa. 437, 192 A. 2d 693 (1963) ; *Com. v. Burdell,* 380 Pa. 43, 110 A. 2d 193 (1955); *Com. v. Fugmann,* 330 Pa. 4, 198 Atl. 99 (1938).

It is at this point that the prosecution and the defense part, allowing us to frame the precise issue to be whether the two robberies are so related that proof of one tends to prove the other. The Commonwealth contends that the possession of a recently stolen credit card at a subsequent robbery necessarily evinces a common scheme justifying the admission of evidence concerning the commission of the second crime. However, the record nowhere contains any evidence linking the two robberies and we cannot fathom any direct connection.

Furthermore, as noted by the dissenting judge below: "The only relevant factor [in the 'tavern' prosecution] is that of the possession itself. Accordingly, any reference to collateral circumstances unrelated to

the possession itself are unnecessary and should be inadmissible. Certainly, the service station attendant could have testified to the presentation of the credit card alone." 216 Pa. Superior Ct. at 212, 263 A. 2d at 781. For these reasons we share the view of the dissenting judge that the admission of this additional testimony was improper and highly prejudicial.

The order of the Superior Court is reversed, motion for a new trial is granted and the judgment of sentence is vacated.

Mr. Justice POMEROY concurs in the result.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.

Mr. Justice COHEN took no part in the decision of this case.