375 A.2d 63

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Richard E. JONES, Appellant (two cases).**

Superior Court of Pennsylvania.

Submitted April 20, 1976.

Decided June 29, 1977.

John J. Dean and Anthony J. Lalama, Pittsburgh, for appellant.

Robert L. Campbell and Robert L. Eberhardt, Assistant District Attorneys, Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

WATKINS, President Judge:

This is an appeal from the Court of Common Pleas of Allegheny County, Criminal Division, where the defendant, Richard E. Jones, was convicted of two counts of indecent exposure and one count of corruption of children after a jury trial. The defendant was sentenced to two years on said convictions.

On December 7, 1973, at approximately 7:45 P.M. two girls were picked up while hitchhiking by a male driver of a dark station wagon. The girls informed the man that their destination was a McDonald's restaurant nearby. During the drive the man exposed his genitals, removed a knife from its sheath above the sun visor of the automobile and pointed it at one of the girls' stomachs. He then pulled the vehicle off the road and attempted to get one of the girls to ejaculate him and also attempted to put his hand down each girl's shirt. After a few minutes the driver took the girls to a dirt road, stopped the automobile, and again attempted to touch the girls. He was still exposed when this occurred. After 10 to 15 minutes he allowed the girls to leave the vehicle and drove off. The girls then went to the McDonald's and called the police.

A policeman arrived at the restaurant and took down the girls' story. About a month after the incident the girls saw a vehicle in a shopping center which resembled the one in which the incident occurred and took down the license number. Based upon this information a complaint was lodged against the defendant and he was arrested on April 2, 1974. At trial both girls identified the appellant as the one who picked them up on December 7, 1973. Also two other girls testified for the prosecution and identified appellant as the man who picked them up on November 27, 1973. At the time of the trial the appellant had already been convicted of charges arising out of the November 27th incident.

After five and one-half hours of deliberation the jury returned for further instructions. The court below refused any further instructions and the jury returned to its deliberations. Ninety minutes later it returned with its verdict finding the appellant guilty of the aforementioned charges but not guilty as to attempted indecent assault on one of the girls.

■ Appellant contends that his conviction should be reversed because the evidence was insufficient to sustain his

convictions. At trial both girls testified positively that appellant was the one who picked them up on December 7, 1973 and performed the aforementioned acts. At trial appellant set forth an alibi defense wherein he and thirteen other witnesses testified that he was at an Alcoholics' Anonymous meeting on the night in question and that it would not have been possible for him to get from the meeting to the place of the incident in time. He also points out several minor inconsistencies in the girls' stories such as the color of the vehicle (dark blue vs. dark green). What he is really saying is that the jury should have believed his story rather than that of the girls. This was a matter of credibility for the jury resolved in favor of the Commonwealth. *Commonwealth v. Meadows*, 232 Pa.Super. 293, 331 A.2d 827 (1974). The evidence produced, if believed, was certainly sufficient to sustain the convictions. See *18 Pa.C.S.A. 3125 and 3127* and *Commonwealth v. Meszaros*, 194 Pa.Super. 462, 168 A.2d 781 (1961). Therefore this contention is without merit.

█ Secondly, appellant contends that his convictions should be reversed because of the admission into evidence of the testimony of the two girls as to the November 27, 1973 incident. As noted previously appellant had already been convicted of charges arising out of that incident at the time of his trial on the instant charges. It is well settled that as a general rule evidence of prior criminal activity is not admissible to prove the crime for which a defendant is being tried. *Commonwealth v. Fortune*, 464 Pa. 367, 346 A.2d 783 (1975). However, one of the exceptions to this general rule is where there is such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the one who committed the other. *Commonwealth v. Foose*, 441 Pa. 173, 272 A.2d 452 (1971). In other words prior criminal activity of an accused may be introduced against him at a trial if such activity demonstrates motive, intent, absence of mistake or accident, a common scheme or plan or it may be introduced to establish the identity of the person charged with commission of the crime

who is on trial. *Commonwealth v. Peterson*, 453 Pa. 187, 307 A.2d 264 (1973). In the instant case two girls testified that ten days prior to the time of the incident for which appellant was being tried he picked them up in a dark station wagon, took them through the same area as he took the girls in the instant case, automatically locked the doors of the vehicle, pulled a knife from a sheath in his sun visor and pointed it at the girls, exposed his genitals forcing one of the girls to touch them, put his hand on their breasts, forced them to have oral sex with him and removed one of the girl's pants. All of this occurred in the same area as the incidents complained of in our case. "In light of such a concatenation of circumstances it would be difficult to conceive of a clearer example of crimes committed in the course of a common scheme, plan, or design." *Commonwealth v. Wable*, 382 Pa. 80, 114 A.2d 334 (1955). The similarity to and proximity of the events of November 27th to the ones of December 7th are certainly sufficient to bring this case within the exception.

■ Thirdly, appellant asserts as error the trial court's refusal to further instruct the jury after it had returned after five and one-half hours of deliberations to ask the court what questions it could ask the court. The court stated that it would not answer any further questions. However, the appellant did not object to this action and therefore he cannot now raise this refusal for the first time on appeal. Therefore any challenge to the court's charge was waived. *Commonwealth v. Piper*, 458 Pa. 307, 328 A.2d 845 (1974).

Judgments of sentence affirmed.

HOFFMAN, J., concurs in the result.