434 A.2d 137

**COMMONWEALTH of Pennsylvania**

v.

**Harry M. GREEN, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 12, 1980.

Filed Aug. 14, 1981.

78

Gary V. Skiba, Erie, for appellant.

Paul J. Susko, Assistant District Attorney, Erie, submitted a brief on behalf of Commonwealth, appellee.

Before HESTER, BROSKY and VAN der VOORT, JJ.

PER CURIAM:

Following a jury trial, appellant Harry Green was found guilty of corrupting morals of a minor and indecent assault [1]

1. Crimes Code, 18 Pa. C.S.A. § 3125 and 3126 respectively.

in the Court of Common Pleas, Erie County. Post trial motions were argued and denied and an aggregate sentence of 3½ to 7 years imprisonment was imposed. On this appeal, appellant contends, *inter alia*, that the Commonwealth improperly admitted evidence of his past criminal conduct. We are constrained to agree and will therefore reverse.

The factual scenario leading to conviction may be briefly summarized. The complainant, 10 year-old Lisa _____, lived with her mother Lillian and two younger brothers in Albion, Pennsylvania, next door to appellant and his wife Cindy. On the afternoon of May 15, 1979 Lillian escorted her daughter and two sons over to appellant's home to spend the night, as Lillian was required to work in the evenings. At about 4:00 p. m. Cindy Green, as was her frequent practice, drove Lillian to work, leaving Lisa and her two brothers at home with appellant. On this day, appellant was still recovering from a high fever and swollen finger. After the two women drove away, the complainant was sitting in the living room with her two brothers watching TV when appellant appeared in his pajamas and told the two boys to go outside. He then requested the victim to accompany him into the bedroom, whereupon he proceeded to undress both himself and the little girl. After lying on top of her on the bed for a few minutes, and fondling her, appellant stood up and instructed the victim to tell no one about the incident. The next day, Lisa told her mother and appellant was thereafter arrested. Trial consumed one day. Appellant flatly denied having any sexual contact with the girl at any time.

At trial, appellant called his wife Cindy, age 21, to testify on his behalf. She stated that Lisa had once told her that her (Lisa's) grandfather had once fondled her. Cindy thereafter informed Lisa's mother about this. On cross-examination, the prosecutor questioned Cindy as to why she told Lisa's mother about the grandfather:

Q. [Assistant District Attorney]: Isn't it a fact that you told her mother that because you knew it would only be a matter of time before Harry tried something?

[Defense Counsel]: I object, your Honor.

THE COURT: It's proper cross-examination, go ahead.

Q. You knew that Harry was attracted to young girls, didn't you?

A. No.

Q. Well, he had gotten you pregnant when you were twelve years old, hadn't he?

A. I was fifteen when I got pregnant.

Q. Fifteen. Did you have sex with him when you were twelve?

A. Yes.

[Defense Counsel]: Your Honor, I object to this entire line of questioning. It's totally irrelevant.

THE COURT: She has already said that she had. That's all right. Go ahead. N.T. 78–9.

■ Appellant contends that the foregoing constituted an impermissible reference to past criminal conduct[2] In *Commonwealth v. Peterson*, 453 Pa. 187, 307 A.2d 264 (1973), the Court summarized the law governing the admissibility of such evidence:

It is black letter law that evidence of one crime is inadmissible against a defendant being tried for another crime because the fact of the commission of one offense is not proof of the commission of another. See, *Commonwealth v. Foose*, 441 Pa. 173, 272 A.2d 452 (1971). However, there sometimes exist special circumstances which operate as exceptions to the general rule and bring the case within equally well established principle the evidence of other crimes is admissible when it tends to prove (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one tends to prove the others; or (5) to establish the identity of the person charged with the commission of the crime on trial—in other words, where there is such a

---

**2.** Sexual contact with a minor female as described would have constituted at least indecent assault, or corruption of minors, or even statutory rape, 18 Pa. C.S.A. § 3122.

logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other. See, *Commonwealth v. Wable*, 382 Pa. 80, 114 A.2d 334 (1955). When the evidence is relevant and important to one of these five issues, it is generally conceded that the prejudicial effect may be outweighed by the probative value. 453 Pa. at 197, 198, 307 A.2d at 269–70.

See also, *Commonwealth v. Brown*, 489 Pa. 285, 414 A.2d 70 (1980); *Commonwealth v. Booth*, 291 Pa.Super. 278, 435 A.2d 1220 (1981); *Commonwealth v. Kjersgaard*, 276 Pa.Super. 368, 419 A.2d 502 (1980); *Commonwealth v. Wright*, 259 Pa.Super. 293, 393 A.2d 833 (1978). Further, sexual and nonsexual crimes must now be treated alike in deciding whether evidence of prior criminal conduct should be admitted. *Commonwealth v. Shively*, 492 Pa. 411, 424 A.2d 1257 (1981).

■ We are unable to conclude that the challenged evidence instantly is embraced by any of these enumerated exceptions. There is no showing, for example, that the evidence of appellant's past relations with a minor tended to prove motive or intent for the present crimes. Such evidence is normally used to establish that the "crime currently being considered grew out of or was . . . caused by the prior set of facts," *Commonwealth v. Schwartz*, 445 Pa. 515, 522, 285 A.2d 154, 158 (1971). See, e. g., *Commonwealth v. Brown*, 482 Pa. 130, 393 A.2d 414 (1978) (motive for prior killing identical with that for instant killing); *Commonwealth v. Glover*, 446 Pa. 492, 286 A.2d 349 (1972) (prior threats of defendant admissible to show intent for instant homicide); *Commonwealth v. Faison*, 437 Pa. 432, 264 A.2d 394 (1970); *Commonwealth v. Showalter*, 231 Pa.Super. 278, 332 A.2d 456 (1974) (subsequent burglary used to establish prior intent for assault), or to rebut a defense that the defendant acted impulsively. *Commonwealth v. Terry*, 462 Pa. 595, 342 A.2d 92 (1975) (prior torching of building by defendant admissible to prior instant arson was deliberate and premeditated). In no way can appellant's prior experi-

ence with Cindy eight years before trial be relevant to establish either intent or motive for the assault upon Lisa. Indeed, intent was never an issue in the proceedings below. "Appellant did not seek to defend by acknowledging the incident and arguing that it was accidental or innocent." *Commonwealth v. Bond*, 261 Pa.Super. 311, 318, 396 A.2d 414, 417 (1978). Further, appellant's prior acts with Cindy did not in any way involve young Lisa and could in no sense provide a motive for the instant crimes eight years later. "Testimony of this character serves only to point [appellant] as a disreputable character [and] not to establish an element of the prosecution's theory." *Commonwealth v. Roman*, 465 Pa. 515, 527, 351 A.2d 214, 220 (1976). See also *Commonwealth v. Brown*, 280 Pa.Super. 303, 421 A.2d 734 (1980).

For similar reasons, the prior acts by appellant were not admissible to show "absence of mistake". *Peterson*, supra. Again, appellant did not contend that his assault upon Lisa was accidental—he denied it outright. Cf. *Brown*, supra, 280 Pa.Super. 303, 421 A.2d 734. Moreover, the challenged evidence is so remote that its admission did not in any way serve to "increase the likelihood of guilt or absence of mistake." *Commonwealth v. Lasch*, 464 Pa. 573, 591, 347 A.2d 690, 698 (1975) (Opinion by Eagan, J.).

Nor can we find the appellant's alleged relations with Cindy were part of the common plan, scheme, or design with the instant offense. In order to fit within this exception, "the Commonwealth must show more than that the crimes are of the same class as the one for which the defendant is being tried. Rather, there must be such a high correlation in the details of the crimes that proof that the defendant committed one makes it unlikely that anyone else but the defendant committed the others." *Commonwealth v. Bastone*, 262 Pa.Super. 590, 595, 396 A.2d 1327, 1329 (1978); *Commonwealth v. Booth*, supra. Necessarily, the court must closely examine the details of the crimes which are alleged to comprise a plan or design in order to determine if the required high correlation is in fact present. Compare, *Commonwealth v. Patterson*, 484 Pa. 374, 399 A.2d

123 (1979) and *Commonwealth v. Fortune*, 464 Pa. 367, 346 A.2d 783 (1975) (no common plan established) with *Commonwealth v. Kjersgaard*, supra, and *Commonwealth v. Jones*, 248 Pa.Super. 214, 375 A.2d 63 (1977) (common plan established). In the instant case, the two crimes have nothing in common, save for a sexual assault upon a minor female. There are none of the similarities in prior cases which have led us to find a common plan, such as time, place, manner of carrying out the crime, words or threats used. Most fatal is the length of time separating the two incidents. Our courts have never found a common scheme to be established where the two crimes have occurred eight years apart. "The inference that a common mental plan continues to exist as long as three years before or after the offense charged is too weak and speculative to offset the inevitable prejudice caused to appellant by the introduction of previous acts of sodomy." *Commonwealth v. Bradley*, 243 Pa.Super. 208, 216, 364 A.2d 944, 947–8 (1976). The observation of Judge Woodside, speaking for this Court in *Commonwealth v. Boulden*, 179 Pa.Super. 328, 116 A.2d 867 (1955), are particularly appropriate. There, the defendant was charged with corrupting the morals of two minor females in his garage. The Commonwealth introduced evidence that, one year previous to the alleged offense, the defendant had attempted similar crimes upon another young girl in the garage. This Court rejected the contention that the prior incident could be considered part of a common plan or design. "A single act with a different child over a year before could not be a 'sequence of acts' ". 197 Pa.Super. at 339, 116 A.2d at 876. Judge Woodside's comments cautioning against the liberal admission of prior sex offenses was cited with approval in *Commonwealth v. Shively*, 492 Pa. 411, 424 A.2d 1257 (1981), (overruling *Commonwealth v. Kline*, 361 Pa. 434, 65 A.2d 348 (1949)).

■ Finally, for many of the reasons already discussed, the prior offense at issue was not admissible to establish identity of the perpetrator. Identity was not, as we have noted, an issue at trial. Moreover, to fall within this excep-

tion "much more is demanded than the mere repeated commission of crimes of the same class, such as repeated burglaries or thefts. The device used must be so unusual and distinctive as to be like a signature." *Shively,* supra, quoting McCormick, Evidence, § 190 (1972, 2d. ed.). See, e. g., *Commonwealth v. Evans,* 488 Pa. 38, 410 A.2d 1213 (1979); *Commonwealth v. Jones,* 242 Pa.Super. 303, 363 A.2d 1281 (1976). No such "distinctiveness" or significant similarities between the two crimes at issue are apparent on this record.

Apparently conceding that none of the recognized exceptions apply, the Commonwealth instantly argues that the prior acts of appellant were admissible to impeach the credibility of his wife. The Commonwealth's contention, as we understand it, is as follows: Appellant's wife Cindy testified that Lisa had told her that her (Lisa's) grandfather had once had relations with her. Lisa, however, denied that she ever told Cindy any such thing. Thus, if Cindy fabricated the report about Lisa's grandfather, then a possible reason for telling Lisa's mother about such an incident was to warn the mother, in some way, about appellant's propensities toward young women. Thus, the Commonwealth argues, it was entitled to produce evidence that Cindy had reason to believe appellant may assault Lisa.

This line of reasoning simply has no substance. The fact that Lisa's grandfather may have once assaulted her does not in any way open the door for the Commonwealth to aver that appellant had once assaulted another woman. There is not logical connection between the two incidents. Further, if Cindy Green was indeed fabricating the story about the grandfather, we do not see how the Commonwealth could impeach her by introducing evidence of appellant's relations with her as a child. Such an incident had no effect on her ability to tell the truth nor did it have any bearing on her possible motive for concocting a story about the grandfather. To suggest that Cindy told the mother about the grandfather in an effort to forewarn her of appellant's sexual appetites is to make a giant leap in logic and evidentiary reasoning. Although the scope of cross-ex-

amination is normally within the trial court's discretion, matters which are collateral, confusing, or misleading to the jury should not be admitted. *Commonwealth v. Brinton*, 275 Pa.Super. 304, 418 A.2d 734 (1980). Here, when we balance the very tenuous link between appellant's and the grandfather's assaults against the highly prejudicial nature of the challenged evidence, it is clear that the court should not have permitted the prosecution to delve into appellant's past assault upon Cindy.

■ We think the only possible effect such testimony had on the jury was to establish that appellant is generally lustful or sexually depraved. Indeed, the record reveals that the Commonwealth was attempting to show appellant's propensities toward young girls in general. The prosecutor asked appellant's wife, "You knew that Harry was attracted to young girls, didn't you?" N.T. 78. This is precisely the type of evidence which is deemed inadmissible and prejudicial by our cases. "[E]vidence that [the] accused committed other crimes, even if they were of like nature to that charged, is not admissible to show his depravity or criminal propensities or the resultant liklihood of his committing the offense charged." *Commonwealth v. Boulden*, supra, 179 Pa.Super. at 340, 116 A.2d at 872. The Supreme Court has noted:

Evidence of prior criminal activity (particularly of the type of conduct suggested by this statement) is probably only equalled by a confession in its prejudicial impact upon a jury. Thus, fairness dictates that courts should be ever vigilant to prevent the introduction of this type of evidence under the guise that it is being offered to serve some purpose other than to demonstrate the defendant's propensity to commit the charged crime.

*Commonwealth v. Spruill*, 480 Pa. 601, 606, 391 A.2d 1048, 1050–1 (1978); *Commonwealth v. Wetzel*, 276 Pa.Super. 445, 419 A.2d 541 (1980); *Commonwealth v. Jensch*, 274 Pa.Super. 266, 418 A.2d 399 (1980). While the Commonwealth may show a propensity for illicit sexual relations with the particular victim concerned in the crime on trial, "other like

86

sexual crimes with other persons do not qualify for this purpose." *Commonwealth v. Buser*, 277 Pa.Super. 451, 455, 419 A.2d 1233, 1235 (1980). Finally, in view of appellant's strenuous denials at trial that the assault on Lisa ever occurred, we cannot find the admission of the prejudicial evidence to be harmless. *Commonwealth v. Brown*, 280 Pa. 303, 421 A.2d 734 (1980); *Commonwealth v. Story*, 476 Pa. 391, 383 A.2d 155 (1978).

Judgment of Sentence reversed and new trial granted.