447 A.2d 272

COMMONWEALTH of Pennsylvania

v.

**Efrain MARTINEZ, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1980.

Filed June 25, 1982.

122

Kenneth C. Sandoe, Lebanon, for appellant.

David J. Brightbill, District Attorney, Lebanon, for Commonwealth appellee.

Before PRICE, CAVANAUGH, and WATKINS, JJ.

PRICE, Judge:

Appellant, Efrain Martinez, appeals from the judgment of sentence imposed after his conviction for unlawful delivery of a controlled substance.[1] Appellant claims that the trial court erred in permitting the Commonwealth's introduction, in its case in chief, of evidence of appellant's subsequent criminal activity.[2] We agree and, therefore, grant appellant a new trial.

The following facts were adduced at trial. At approximately 7:20 p.m. on May 1, 1978, Officer Joel Hicks and an informant, Stephanie Lynch, entered DiNunzio's Spaghetti House in Lebanon, Lebanon County. Shortly thereafter, Miss Lynch was approached by appellant, who engaged her in a private conversation. Following this conversation Miss Lynch, appellant and Officer Hicks left the spaghetti house and pursuant to appellant's directions drove Officer Hicks' van to Seventh and Lehman Streets. Upon their arrival and in response to an inquiry by appellant, Officer Hicks gave appellant a one hundred dollar bill and said that he wanted to purchase a fifty dollar bag of heroin. Appellant exited the van and walked outside Officer Hicks' and Miss Lynch's range of vision. Less than one-half hour later appellant

1. The Controlled Substance, Drug, Device and Cosmetic Act, April 14, 1972, P.L. 233, No. 64, § 13, eff. June 14, 1972; 35 P.S. § 780-113.

2. Appellant raises two additional claims for relief. First, appellant contends that the trial court erred in refusing to grant a mistrial after the prosecutor allegedly implied in his opening statement that appellant would testify. Second, appellant argues that the prosecutor's misstatement of the legal grounds for entrapment constituted prejudicial error. Since we find that the evidence of appellant's subsequent criminal activity was improperly admitted, it is unnecessary for us to address these claims.

returned to the van carrying a tin foil packet containing a brownish powder,[3] a small jar of water and fifty dollars. Appellant gave the foil packet and money to Officer Hicks, and offered him a syringe and water with which to inject the heroin. Officer Hicks ignored appellant's offer and, at appellant's request, left appellant in the vicinity of the William Penn Bar.

Appellant was charged with the unlawful delivery of heroin[4] and tried before a jury on September 5 and 6, 1978. For the limited purposes of showing state of mind and intent the trial court permitted the prosecution to introduce evidence of a second sale of heroin allegedly made by appellant in DiNunzio's Spaghetti House on May 19, 1978. The charges filed against appellant for the alleged subsequent sale of heroin were unresolved at the time of trial.[5] The jury rendered a guilty verdict, following which appellant filed post-verdict motions alleging, *inter alia*, that the evidence of the later sale had been improperly admitted. Appellant's motions were denied on June 7, 1979, and this appeal ensued.

■ "It is well established that evidence of other criminal activity generally is inadmissible against a defendant at his trial on another charge. *Commonwealth v. Roman*, 465 Pa. 515, 351 A.2d 214 (1976); *Commonwealth v. Groce*, 452 Pa. 15, 303 A.2d 917 (1973)." *Commonwealth v. Stokes*, 279 Pa. Superior Ct. 361, 371, 421 A.2d 240, 245 (1980). "The Commonwealth must prove beyond a reasonable doubt that a defendant has committed the particular crime of which he is accused, and it may not strip him of the presumption of innocence by proving that he has committed other criminal acts." *Commonwealth v. Stanley*, 484 Pa. 2, 7, 398 A.2d 631, 633 (1979). *See also Commonwealth v. DeVaughn*, 488 Pa.

---

**3.** Subsequent laboratory tests conclusively established that the substance in the packet was, in fact, heroin.

**4.** *See* note 1 *supra.*

**5.** Appellant was subsequently convicted of this second offense. His conviction was affirmed by this court in *Commonwealth v. Martinez*, 258 Pa. Superior Ct. 633, 427 A.2d 1227 (1980).

629, 413 A.2d 660 (1980). Evidence of other crimes may be admissible, however, when it is offered to prove: "(1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan, or design embracing the commission of two or more crimes so related to each other that proof of one tends to prove the others; or (5) the identity of the person charged with the crime." *Commonwealth v. Brown,* 280 Pa. Superior Ct. 303, 307, 421 A.2d 734, 736 (1980). *See also Commonwealth v. Wright,* 259 Pa. Superior Ct. 293, 393 A.2d 833 (1978); *Commonwealth v. Hude,* 256 Pa. Superior Ct. 439, 390 A.2d 183 (1978).

■ The Commonwealth first argues that evidence of the subsequent sale was admissible in its case in chief to show appellant had the "intent to deliver." Record at 12a. "An intent is a mental state, which can be inferred from conduct." *Commonwealth v. Abney,* 195 Pa. Superior Ct. 317, 322, 171 A.2d 595, 598 (1961). However, intent was not at issue at the time the Commonwealth raised this evidence. In fact, the Commonwealth conceded that it was introducing this evidence "to *rebut* any possible entrapment defense." Record at 35a (emphasis added).

> [W]hen the crime charged involves the element of knowledge, intent, or the like, the state will often be permitted to show other crimes in rebuttal, *after the issue has been sharpened by the defendant's giving evidence of accident or mistake, more readily than it would as part of its case in chief* at a time when the court may be in doubt that any real dispute will appear on the issue.

*McCormick on Evidence,* § 190 at 452 (Cleary Ed. 1972) (emphasis added). *See also Commonwealth v. Bond,* 261 Pa. Superior Ct. 311, 396 A.2d 414 (1978); *Commonwealth v. Wright,* 259 Pa. Superior Ct. 293, 393 A.2d 833 (1978). At the time of the introduction of this evidence the Commonwealth had established delivery of the heroin and did not need to produce evidence of the later sale to prove its case. Moreover, appellant had not raised the defense of entrapment. The Commonwealth's introduction of this evidence,

therefore, could only be inflammatory and was not warranted at this stage in trial.[6]

We also recognize that the other crime introduced by the Commonwealth occurred *subsequent* to the crime being tried. Moreover, appellant had not yet been convicted of this later sale at the time of trial. *See generally Commonwealth v. Bond*, 261 Pa. Superior Ct. 311, 396 A.2d 414 (1978). "[E]vidence of *prior* occurrences . . . and *prior* offenses, if they are related to the offense for which defendant is on trial, may be admitted . . . to show intent." *Commonwealth v. Faison*, 437 Pa. 432, 446, 264 A.2d 394, 401 (1970) (emphasis added). "Such evidence is normally used to establish that the 'crime currently being considered grew out of or was . . . caused by the prior facts.'" *Commonwealth v. Green*, 290 Pa. Superior Ct. 76, 81, 434 A.2d 137, 139 (1981), *quoting Commonwealth v. Schwartz*, 445 Pa. 515, 285 A.2d 154 (1971). Evidence of *subsequent* offenses is less strongly probative of intent than prior offenses since it does not establish that a defendant possessed the requisite intent prior to the commission of the crime being tried. Evidence of a later crime is so tenuously related to intent at the time of an earlier crime that it is admissible only if proof of both crimes is necessary to prove the Commonwealth's case.[7] In

**6.** Pennsylvania has adopted the objective test for entrapment. *Commonwealth v. Jones*, 242 Pa. Superior Ct. 303, 363 A.2d 1281 (1976). Under this test the focus is police conduct rather than "with the defendant's prior criminal activity or other indicia of a predisposition to commit crime." *Id*, 242 Pa. Superior Ct. at 311, 363 A.2d at 1285, *citing Sherman v. United States*, 356 U.S. 369, 379, 78 S.Ct. 819, 824, 2 L.Ed.2d 848 (1958). It is, therefore, argued that evidence of other criminal activity to show criminal intent is inadmissible unless more closely connected in time than eighteen days. Since the evidence was presented in the Commonwealth's case in chief and not on rebuttal we do not address this claim.

**7.** This general standard is also applicable to the admissibility of prior offenses. *See Commonwealth v. Brown*, 280 Pa. Superior Ct. 303, 421 A.2d 734 (1980). We note, however, that because evidence of subsequent crimes is less reflective of intent at the time at issue, evidence of subsequent crimes is less likely to pass this rigid standard when the evidence is proffered for the purpose of proving intent.

the instant case the Commonwealth clearly had sufficient evidence to establish the first sale without introducing evidence of the later sale. Accordingly, the evidence was not admissible for the purpose of establishing appellant's intent.

The Commonwealth also contends that evidence of the alleged subsequent sale of heroin was admissible to show appellant's "state of mind." Record at 7a, 34–35a.[8] Evidence of an unrelated crime is admissible to show state of mind only when it is " 'so close in time to the alleged offense as to have bearing upon [the accused's] state of mind at that time.' " *Commonwealth v. Bradley*, 243 Pa. Superior Ct. 208, 217, 364 A.2d 944, 948 (1976), *quoting Commonwealth v. Boulden*, 179 Pa. Superior Ct. 328, 116 A.2d 867 (1955). "If the event took place on the same day, and possibly within a very few days, it might [be] evidence of the 'state of mind' of the [appellant] at the time of the alleged [crime] and as such would be admissible." *Commonwealth v. Boulden*, 179 . Pa. Superior Ct. 328, 346–47, 116 A.2d 867, 875 (1955). The hiatus of eighteen days between the two heroin sales is far too long to evidence appellant's mental state at the time of the initial sale. Evidence of the later sale, therefore, was of no assistance to the jury in reaching its determination. The subsequent sale only served to create an impermissible inference that appellant is a bad person and hence probably committed the crime. *See Commonwealth v. Bond*, 261 Pa. Superior Ct. 311, 396 A.2d 414 (1978); *Commonwealth v. Hude*, 256 Pa. Superior Ct. 439, 390 A.2d 183 (1978).[9]

Accordingly, we vacate the judgment of sentence and remand for a new trial.

8. The Commonwealth did not attempt to admit the evidence to establish a common scheme or plan, to establish appellant's identity as the seller, or to show absence of mistake. Appellant admitted both that he was a regular user of heroin and that the substance he delivered to Officer Hicks was heroin. Record at 71a, 76a–77a.

9. In a case involving credibility such an error clearly is not harmless. *Commonwealth v. Walls*, 261 Pa. Superior Ct. 321, 396 A.2d 419 (1978).