J-S51033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRANDON TURNER, | |
| Appellant | No. 1745 EDA 2014 |

Appeal from the Judgment of Sentence May 30, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0002120-2013

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 18, 2015**

Appellant, Brandon Turner, appeals from the judgment of sentence imposed after his bench conviction of aggravated assault, simple assault, recklessly endangering another person, possession of an instrument of crime, and two violations of the Uniform Firearms Act.[1]  Specifically, Appellant challenges the sufficiency of the evidence to support his aggravated assault conviction.  We affirm.

The trial court aptly set forth the factual background of this case in its August 1, 2014 opinion, as follows:

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a), 2701(a), 2705, 907(a), 6105(a)(1), and 6106(a)(1), respectively.

On January 13, 2013, Sergio Reyes, the Complainant, was working on the 1000 block of Cambria Street as part of a demolition crew. At approximately 10:20 a.m. Mr. Reyes had stepped away from the other workers to call his boss. [Appellant, a stranger,] approached Mr. Reyes on the street and began yelling at him. Mr. Reyes does not speak English, and was unable to understand what [Appellant] was saying. [Appellant] punched Mr. Reyes, causing his cell phone to be knocked from his hand, and in turn, Reyes hit him back. [Appellant] then pulled a gun and pointed it at Mr. Reyes' chest.[a] Mr. Reyes grabbed the gun and pushed it above his head. [Appellant] pulled the trigger and Mr. Reyes heard a clicking noise, but the gun did not fire. Mr. Reyes ran back towards the rest of his coworkers. [Appellant] followed him and again pointed the gun at his chest and pulled the trigger, but once again the gun did not discharge. [Appellant] then took off running. A short distance away, he was seen adjusting the gun.[b] He then fired five or six shots into the air [before handing the gun to another individual].

[a] The Complainant's original statement to police noted that [Appellant] had pointed the gun at his stomach, not his chest. This statement was taken in Spanish by a Spanish-speaking detective, but written in English. Mr. Reyes was unable to read it over, though he did sign and adopt it. During cross-examination, however, Mr. Reyes emphasized repeatedly that he equated his stomach and chest. (*See* N.T. Trial, 10/25/13, at 40 ("I'll repeat it again. To me the front part of the body includes my chest and stomach. To me it's the same thing.").

[b] The eyewitness, Jose Espinoza, a co-worker of the Complainant, testified to this, though it was not in the original statement to police. The statement was taken in English by a detective and written in English, although the eyewitness is not primarily an English speaker. Mr. Espinoza did, however, testify at the preliminary hearing and at trial through a Spanish-speaking interpreter. During trial, he confirmed the accuracy of his preliminary hearing testimony. . . .

[Appellant] was arrested by Philadelphia Police at 1033 West Cambria Street, a few minutes later. Twelve fired cartridge casings belonging to a .40-caliber Smith & Wesson semi-automatic handgun were recovered. All twelve casings came from the same firearm. Additionally, [Appellant's] sweatshirt tested positive for gunshot residue.

(Trial Court Opinion, 8/01/14, at 2-3) (quotation marks and most record citations omitted; record citation formatting provided).

On February 22, 2013, the Commonwealth filed an information against Appellant charging him with the aforementioned crimes. The court conducted a bifurcated waiver trial on October 25, 2013, and January 31, 2014. On January 31, 2014, the court convicted Appellant of aggravated assault and related charges. On May 30, 2014, the court imposed an aggregate sentence of not less than six nor more than twelve years' incarceration. The court denied Appellant's post-sentence motion on June 9, 2014, and Appellant timely appealed.[2]

_____

[2] On June 18, 2014, the court issued an order directing Appellant to file a Rule 1925(b) statement within twenty-one days, *i.e.*, by July 9, 2014. (**See** Order, 6/19/14). On July 9, 2014, Appellant filed a motion for an extension of time to file his Rule 1925(b) statement. On July 17, 2014, before the court ruled on the motion, Appellant filed his untimely Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b). The court filed a Rule 1925(a) opinion on August 1, 2014, in which it addressed Appellant's claims of error. **See** Pa.R.A.P. 1925(a); (**see also** Trial Ct. Op., at 3-7). Therefore, we will address Appellant's appellate claim on its merits. **See Commonwealth v. Veon**, 109 A.3d 754, 762 (Pa. Super. 2015) (Observing that "where . . . the trial court has addressed the issues raised in an untimely Rule 1925(b) statement, we . . . may address the issues on their merits.") (citation omitted).

Appellant raises one issue for our review: "Was the evidence insufficient as a matter of law to support [his] conviction for aggravated assault?" (Appellant's Brief, at 4) (some capitalization omitted). Appellant's issue lacks merit.

Our standard of review of a challenge to the sufficiency of the evidence is well-settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial **in the light most favorable to the verdict winner**, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, **we may not weigh the evidence and substitute our judgment for the fact-finder**. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Harden***, 103 A.3d 107, 111 (Pa. Super. 2014) (citation omitted) (emphases added).

Here, Appellant argues that "[t]he Commonwealth failed to prove beyond a reasonable doubt that [he] was equipped with a loaded firearm when he pointed it at Reyes. Rather, the Commonwealth proved that [he]

- 4 -

had an unloaded gun during his interaction with Reyes." (Appellant's Brief, at 10). We disagree.

Section 2702 of the Crimes Code provides, in pertinent part that "[a] person is guilty of aggravated assault if he . . . attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S.A. § 2702(a)(1). "Serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

> For aggravated assault purposes, an 'attempt' is found where the accused, with the required specific intent, acts in a manner which constitutes a substantial step toward perpetrating a serious bodily injury upon another. As our Court has previously stated:
>
> > As intent is a subjective frame of mind, it is of necessity difficult of direct proof[.] [W]e must look to all the evidence to establish intent, including, but not limited to, appellant's conduct as it appeared to his eyes[.] Intent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances.
>
> > * * *
>
> . . . Aggravated assault can be demonstrated with proof of such intent regardless of whether it was impossible to actually cause serious bodily injury. . . .

**Commonwealth v. Gruff**, 822 A.2d 773, 776-78 (Pa. Super. 2003), *appeal denied*, 863 A.2d 1143 (Pa. 2004) (citations omitted). In fact, "the

defendant's words and conduct are critical to a finding of the intent to cause serious bodily injury." *Id.* at 778.

In this case, Mr. Reyes was working on a Philadelphia street where he and his co-workers were employed to demolish a home. (*See* N.T. Trial, 10/25/13, at 7-8). While on his break, Mr. Reyes was attempting to make a cell phone call when Appellant approached him, yelled at him, and knocked the device out of his hand. (*See id.* at 8). Mr. Reyes had never seen Appellant before that day. (*See id.* at 10). After Appellant struck him, Mr. Reyes "smacked him" back, and Appellant then pulled out a firearm and pointed it at his chest. (*Id.*; *see also id.* at 10-11). While the two men struggled for control of the firearm, Appellant repeatedly pulled the trigger, causing the gun to click several times, although it did not fire. (*See id.* at 11-12). When Mr. Reyes turned from Appellant and re-joined his co-workers, Appellant moved toward them. (*See id.* at 12-13). Appellant again pointed the gun at Mr. Reyes and "told [him] that because [he] had smacked [him], he was going to kill him." (*Id.* at 13). When Appellant again pulled the trigger, the gun failed to fire, and only emitted a clicking sound. (*See id.* at 13-14). Appellant then ran across the street, adjusted the gun, and fired five to six shots into the air before handing the weapon to another individual. (*See id.* at 15, 44). "Five minutes later, the police arrived and stopped [Appellant]." (*Id.* at 44).

Based on the foregoing, we conclude that the trial court properly found that the evidence was sufficient to prove aggravated assault where the Commonwealth established that Appellant "act[ed] in a manner which constitute[d] a substantial step toward perpetrating a serious bodily injury upon another." **Gruff**, **supra** at 776 (citation omitted); **see also Commonwealth v. Bond**, 396 A.2d 414, 416 n.2 (Pa. Super. 1978) (concluding evidence sufficient to prove aggravated assault where gun clicked several times while pointed at victim during defendant's struggle with him). Accordingly, Appellant's claim does not merit relief. **See Harden**, **supra** at 111.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2015